THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:22CR15 |
| | § | |
| WILLIS JAMES YARBERRY WALKER | § | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

On September 19, 2022, Defendant's counsel filed Defendant's Request for Psychological and/or Psychiatric Examination of Defendant [Dkt. #27] seeking a psychiatric examination pursuant to 18 U.S.C. §§ 4241 at an appropriate Bureau of Prisons facility, and that a psychiatric report of findings be filed with the Court consistent with 18 U.S.C. §§ 4247(b). The Court granted that motion on September 26, 2022 [Dkt. #30]. Defendant was subsequently evaluated by Dr. Alicia Gilbert. The Court has received the report from the Bureau of Prisons [Dkt. #39], and copies have been furnished to the Assistant United States Attorney and defense counsel.

A competency hearing was conducted on March 20, 2023, before U.S. Magistrate Judge Christine A. Nowak, during which the report was admitted. At the hearing, Defendant appeared in court with his counsel, Michelle Allen-McCoy. Defendant was given the opportunity to present evidence and call witnesses. Defendant did not offer any witnesses or evidence. Moreover, Defendant did not present any objections to the report, including Dr. Gilbert's opinion on competency. The Government also did not object to the report findings.

Dr. Gilbert's report concludes that "[b]ased on the information available, Mr. Walker does not appear to be suffering from a severe mental illness or cognitive deficit that interferes with his ability to understand the nature and consequences of the court proceedings against him or to assist properly in his own defense. At this time, he is insisting on using arguments associated with sovereign citizen ideologies. He is well aware that these arguments are often unsuccessful which could result in getting more time in prison than he would if he signed a plea bargain. Most of his reasoning is coming from 2nd Amendment rights and his belief that the sentencing guidelines are inconsistent with the crime. Although most attorneys and legal professionals would disagree with his plans, his plans are not the result of a mental illness. Additionally, his desire to no longer work with his current attorney is by choice, and not the result of a mental illness. He understands that many professionals within the legal system disagree with him, but that is a chance he is willing to take at this time. However, if he is allowed to work with at different attorney, he may consider other options." The undersigned considered the report and concludes that Defendant is not mentally incompetent and is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceedings against him and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. §4241(d); see also Dusky v. United States, 362 U.S. 402 (1960).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Defendant be found competent to stand trial because he understands the nature and consequences of the proceedings against him and is able to assist in his defense. See 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from September 19, 2022 (the date the Defendant filed his Motion to

Determine Defendant's Mental Competency to Stand Trial), until the date on which the District Judge signs the order adopting this report and recommendation.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 22nd day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE