UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:22-CR-00015- |
| § | SDJ-AGD |
| WILLIS JAMES YARBERRY WALKER § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Willis James Yarberry Walker's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 16, 2025, to determine whether Defendant violated her supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Tracey M. Batson.

Defendant was sentenced on August 2, 2024, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Convicted Felon, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months. Defendant was subsequently sentenced to 46 months imprisonment followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol restrictions, a program of testing and treatment for substance abuse, and a $100 special assessment. On March 31, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

This case was transferred from U.S. District Judge Richard A. Schell on August 5,

2025, and reassigned to U.S. District Judge Sean D. Jordan.

On June 30, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #75, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u> After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and you must report to the probation officer as instructed; (3) <u>Standard Condition</u> Defendant must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (4) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #75 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On April 23, 2025, Defendant appeared at the U.S. Probation Office in Plano, Texas, for his initial interview. A urine sample collected that day was positive for marijuana. On May 7, 2025, Defendant appeared at the U.S. Probation Office in Plano, Texas, as part of his participation in the random drug testing program. A urine sample collected that day was positive for

marijuana. Laboratory reports provided by Alere Toxicology confirmed both urine samples were positive for marijuana; (2) On April 23, 2025, Defendant appeared at the U.S. Probation Office in Plano, Texas for his initial interview. His conditions of supervision were reviewed, and he was issued instruction, a User ID, and password for the Electronic Reporting System. He subsequently failed to submit a monthly report, as instructed, by May 5 and June 5, 2025; (3) On April 23, 2025, Defendant disclosed that he did not have a permanent address and was staying at different locations. He was instructed to secure a viable residence and notify this officer, as the address would need to be verified. He was reminded of this requirement on April 30 and June 3, 2025. As of June 27, 2025, Defendant's whereabouts and address were unknown; and (4) Defendant failed to appear for drug testing as part of the U.S. Probation Office's random drug testing program, on May 28, and June 9, 2025. Additionally, on May 1, 2025, Defendant was referred to Fletcher Counseling in Plano, Texas, for a substance abuse assessment. As of the date of the Petition, he has not made himself available for the assessment. (Dkt. #75 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, and after consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the Petition. Based upon Defendant's plea of true, the court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's Petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that

Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of three (3) months, with a two-year term of supervised release to follow, the first one hundred and eighty (180) days of which to be served in a halfway house.

All prior conditions imposed in the original judgment should be reimposed. Upon release from imprisonment, Defendant shall be placed on supervised release for a term of 2 years. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.

While on supervised release, Defendant must not commit another federal, state, or local crime. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

Defendant must comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment.

Defendant must not possess or consume any alcoholic beverages. Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the

treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

This recommendation also incorporates all of the terms and conditions regarding payment of criminal monetary penalties established by the original judgment, as if set forth in full herein.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Texarkana, Texas, if appropriate.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

SIGNED this the 17th day of September, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE